Argued and submitted September 10, affirmed December 29, 1993

In the Matter of the Marriage of

Christine HENICK,
*Respondent,*
*and*
Albert SCHWARTZ,
*Appellant.*

(D19-092; CA A77386)

865 P2d 1336

George W. Kelly argued the cause and filed the brief for appellant.

Andrew M. Rich argued the cause for respondent. With him on the brief was Huffman, Zenger & Rich, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Father appeals a judgment that established the amount of child support arrearages that have accrued since 1982. He argues that a Texas judgment terminated his obligation to pay child support at that time.[1] We affirm.

The parties' marriage was dissolved in 1981 in Oregon. Mother was awarded custody of the parties' then 7-year-old child, and father was ordered to pay mother $100 per month as child support. At the time of the judgment, the child was living with mother's friends, the Fergusons, in Texas. After the judgment, father made only one child support payment, which he paid to mother. In February, 1982, the Fergusons filed a petition in Bexar County, Texas District Court to establish their legal relationship to the child. In May, 1982, the Texas court appointed the Fergusons to be the child's "temporary managing conservators," and the child's natural parents to be the child's "possessory conservators." The parties concede that the Texas court had jurisdiction to make that appointment. Texas law imposes a duty on managing conservators to support the child, and the Fergusons were given the "power to receive and give receipt for payments for the support of the child and to hold or disburse any funds for the benefit of the child." Tex Fam Code Ann § 14.01 (Vernon 1993). The child continued to live with the Fergusons until approximately August, 1983. Thereafter, the child lived alternately with mother and father.

At the hearing on her motion, mother conceded that she was entitled to support only after September, 1982, and stipulated that father was entitled to 13 1/2 months credit for the time when he had physical custody of the child. Father argued that his support obligation terminated when the

---

[1] The show cause proceeding brought by mother sought to reduce child support arrearages to a sum certain, to modify the dissolution judgment to require child support until the parties' child is 21 years of age so long as he is attending school, to modify the judgment to require father to pay child support in an amount consistent with the child support guidelines, and requested attorney fees under ORS 107.135(7). Father asserted four alternative grounds for dismissal of mother's motion. On appeal, although he assigns error to the trial court's denial of his motion to dismiss, he does not make any arguments relevant to that assignment. Instead, he asserts that the only issue on appeal is whether he had an obligation to pay child support after the Texas judgment. We confine our opinion to that issue.

Texas court appointed the Fergusons as managing conservators in May, 1982. The trial court rejected father's argument, gave him credit for the time he had custody, and established the arrearage for unpaid child support at more than $14,000.

The only issue before us is the effect of the 1982 Texas judgment on father's child support obligation under the Oregon judgment. Under Texas law, when a petition for dissolution is filed and the parties are parents of a child, a "suit affecting the parent-child relationship" must also be filed. Tex Fam Code Ann § 3.55 (Vernon 1993). Thereafter, the court appoints a "managing conservator" who acts on behalf of the child's interests. Tex Fam Code Ann § 14.01 (Vernon 1993). A person who has had actual custody of a child for at least six months may, at any time, petition to be appointed managing conservator. Tex Fam Code Ann § 11.03(a)(8) (Vernon 1993). Among the rights given to a managing conservator is the authority to receive payments for the support of the child. Tex Fam Code Ann § 14.02 (Vernon 1993). A "possessory conservator" is one who has the right to physical custody of the child during certain established or agreed on "periods of possession." Tex Fam Code Ann §§ 14.03, 14.04 (Vernon 1993).

Father argues that the effect of the Texas proceeding was to modify the Oregon judgment. He relies on *Comeaux v. Comeaux*, 767 SW2d 500 (Tex Civ App 1989). In that case, the mother had originally been appointed managing conservator for the parties' child, and the father had been ordered to pay child support. Subsequently, on the father's motion to modify the managing conservatorship, he was appointed managing conservator. The court held that, when he assumed legal custody of the child, his obligation to pay child support ended. It reasoned that, because he had become the custodial parent, he could not be required to continue to make child support payments to the mother.

Assuming without deciding that we are required to give full faith and credit to the Texas order, the holding in *Comeaux* does not aid father. Father did not obtain legal custody of the child under the Texas order. Moreover, there is no language in the Texas judgment that indicates that the court intended to terminate father's obligation to pay child support. The fact that the Fergusons had temporary legal

custody of the child did not end father's obligation to provide support. At most, it meant that the Fergusons, rather than mother, were legally entitled to receive support from father during the time they had custody. In effect, the custody award under the Oregon dissolution judgment may have been temporarily modified by the Texas proceeding, but not the obligation to pay support. The trial court did not err when it entered judgment against father for unpaid child support.

Affirmed. Costs to mother.